OPINION
{¶ 1} Defendant/Third-Party Plaintiff Nationwide Mutual Company appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of Third-Party Defendant Yasuda Fire Marine Insurance Company of America. Nationwide assigns two errors to the trial court:
 {¶ 2} "The Trial Court Erred In Failing To Utilize The Definition Of "Who Is An Insured" Contained In The Uninsured/underinsured Endorsements In The Policy Of Insurance Issued By Yasuda."
 {¶ 3} "The Trial Court Erred In Holding That UM/UIM Coverage Arose By Operation Of Law Under Yasuda's Business-auto Policy, Which Is A Fronting Policy That Is Not Subject To R.C. 3937.18."
 {¶ 4} The parties agree there are no genuine issues of material fact, and the judgment is inappropriate as a matter of law in the undisputed facts.
 {¶ 5} This case arose out of an accident which occurred on December 13, 1995. William Hillier, who was the plaintiff in the trial court but is not a party to this appeal, was driving northbound on Richville Drive in Perry Township, Stark County, when he came upon two vehicles which had slid off the side of the road while attempting to negotiate a curve. Hillier stopped to help. While attempting to attach tow chains to the back of his vehicle, Hillier was struck by a vehicle operated by Jennifer Kovach, who also lost control on the icy curve. Hillier was pinned against the back of his vehicle, and eventually, had his left leg amputated.
 {¶ 6} At the time of the accident, Hillier worked for Stark Industrial, Inc., which was insured by Nationwide. At the time of the accident, Hillier's father was employed by Bridgestone/Firestone, Inc., which was insured by Yasuda.
 {¶ 7} Kovach's insurer paid Hillier the limits of Kovach's coverage in the amount of $15,000.00, in return for a full release of all claims against Kovach, Progressive, and all other persons, firms, corporations, associations or partnerships. Hillier also received $35,000.00 from State Farm Mutual Insurance Company pursuant to his father's UM/UIM policy. Hillier gave State Farm a full release as well.
 {¶ 8} On May 2, 2001, Hillier notified Nationwide he was presenting his claim under the policy of insurance issued by Nationwide to Stark Industrial. Nationwide then filed a third-party complaint against Yasuda, claiming the Yasuda policies provided UIM coverage to Hillier. Yasuda counterclaimed against Nationwide.
 {¶ 9} In Westfield v Galatis, 100 Ohio St.3d —,2003-Ohio-5849, the Ohio Supreme Court limited the holding inScott-Pontzer v Liberty Mutual Fire Insurance Co., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116 to situations where the employee is injured in the scope of employment or in a covered auto.
 {¶ 10} William Hillier was not in the scope of his employment at the time of the accident, nor was a covered auto involved in the collision.
 {¶ 11} In In re: Uninsured and Underinsured Motorist CoverageCases, 100 Ohio St.3d —, 2003-Ohio-5888, the Ohio Supreme Court extended Galatis to encompass most fact patterns.In light of the foregoing, both of Nationwide's assignments of error are overruled as moot.
 Yasuda's cross assignment of error is also overruled as moot. {¶ 12} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.